IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALAN J. VASQUEZ and § <br> LETICIA H. VASQUEZ § <br>   Plaintiffs § <br> § <br> VS. § <br> § <br> FAY SERVICING, LLC MORTGAGE § <br> SERVICER FOR WILMINGTON § <br> TRUST NATIONAL ASSOCIATON § <br> TRUSTEE FOR MFRA TRUST 2014-2 § <br> AND W. A. MARTY LACOUTURE AS § <br> SUBSTITUTE TRUSTEE § <br>   Defendants § | C.A. NO. 5:21-cv-543 |

## DEFENDANT'S NOTICE OF REMOVAL

Fay Servicing, LLC Mortgage Servicer for Wilmington Trust National Association Trustee for MFRA Trust 2014-2 (as improperly joined) ("**Fay**" or "**Defendant**") hereby remove this case from the 45th District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. Defendant denies the claims and damages alleged in Plaintiffs' Original Petition and file this Notice of Removal without waiving any claims, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

### I.    INTRODUCTION

1. On or about May 25, 2021, Plaintiffs, Alan J. Vasquez and Leticia Vasquez ("**Plaintiffs**") commenced this action by filing Plaintiffs' Application of TRO, Petition for Breach of Contract, Temporary and Permanent Injunction (the "**Complaint**"), Cause No. 2021CI10374; In the 45th District Court, Bexar County, Texas (the **"State Court Action"**).[1] The State Court Action was filed for purposes of preventing a foreclosure sale on real property that

---

[1] See Exhibit C-1.

serves as collateral for a loan secured by real property.[2] Plaintiff obtained an ex parte temporary restraining order in the State Court Action without any known notice to Defendant.[3]

2. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendants' first receipt of the initial state court pleading.[4]

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. BASIS FOR REMOVAL

4. This action is within the original jurisdiction of the United States District Court based on diversity jurisdiction. Furthermore, venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties.

5. This civil action involves a controversy between citizens of different states. Plaintiffs reside in and are domiciled in of the State of Texas and are therefore citizens of Texas for Diversity Purposes.[5]

---

[2] See Complaint generally and at ¶ 9 requesting injunctive relief.
[3] See Exhibit C-2.
[4] *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).
[5] *See* Complaint at ¶ 5 and the Affidavit attached to the Complaint; *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).

6. The mortgagee for the subject loan, Wilmington Trust National Association Trustee for MFRA Trust 2014-2 ("**Wilmington**"), is the trustee of a trust and is not a citizen of Texas for diversity purposes. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls.[6]  Wilmington Trust, N.A. is now and was at the commencement of this action and all intervening times, a national banking association with its main office in Wilmington, Delaware.  Therefore, Trustee is a citizen of Delaware for diversity purposes.[7]

7. Plaintiff has also named Fay in its capacity as loan servicer and W. M. Marty Lacouture as Substitute Trustee ("**Substitute Trustee**") as defendants.  These defendants are either nominal parties or were improperly joined and their citizenship is not counted for purposes of diversity jurisdiction.[8]

8. Plaintiffs' claims consist of a single cause of action for breach of contract but Plaintiffs have not and cannot truthfully allege that they have any relevant contract with Fay or Substitute Trustee.  From the face of the Complaint, it is evident that Plaintiffs have not stated or even attempted to state a cause of action against these defendants under Texas law.[9]  A removing party may establish improper joinder by showing that the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[10]  A "mere

---

[6] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980).

[7] 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

[8] *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Ekundayo v. PNC Bank, Nat. Ass'n*, No. A-14-CA-142-SS, 2014 WL 5092625 (W.D. Tex. Oct. 9, 2014) citing *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009).

[9] *Larroquette*, 466 F.3d at 375 (holding that standard for establishing improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis of the district court to predict that the plaintiff might be able to recover against an in-state defendant.") (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)) (internal quotation marks omitted).

[10] *Id.* (citing *Smallwood*, 385 F.3d at 573.

theoretical possibility" of recovery under state law does not suffice to preclude removal.[11]  By way of example, courts routinely hold that the mere inclusion of non-diverse substitute trustees who conduct a foreclosure sale as nominal parties will not defeat diversity jurisdiction.[12]

9. In applying this test, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant."[13]  However, unlike a 12(b)(6) analysis, the Court retains discretion to pierce the pleadings and review evidence on whether plaintiff has a viable cause of action under state law.[14]

10. In the context of a motion to dismiss, factual allegations in a complaint must be sufficient to raise the right to relief above a speculative level.[15]  Reciting naked assertions devoid of "further factual enhancement" does not suffice.[16]  Where the facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that the pleader is plausibly entitled to relief.[17]

11. Plaintiffs' factual allegations against the substitute trustees do not exist in the Complaint and certainly do not raise Plaintiffs' right to relief above the speculative level since any formulaic recitation of vague allegations even if it existed would be insufficient to support a claim against the Substitute Trustees.[18]  Plaintiffs' Complaint includes no specific allegations or causes of action against the named substitute trustees, and any attempted claims otherwise fail under the standards for a motion to dismiss.  Plaintiffs have not and cannot truthfully allege that

---

[11] *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).
[12] *See*, *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *2 (W.D. Tex. May 13, 2014) citing *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384-XR, 2011 WL 2636135 (W.D. Tex. July 5, 2011).
[13] *Id.*
[14] *Id.*
[15] *Id.* at 555.
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).
[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[18] *See Bell Atlantic Corp.*, 550 U.S. at 556.

they are parties to a contract or loan modification agreement with Substitute Trustee. Additionally, Plaintiffs have not and cannot allege any legally viable damages relating to any claim against Substitute Trustee since no foreclosure sale has occurred or is alleged to have occurred.

12. To establish an improper joinder a party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[19]

13. Plaintiffs have not asserted any factual allegations relating to Substitute Trustee that could constitute a legally viable cause of action, therefore Substitute Trustee has been improperly joined.[20] In fact, Plaintiffs have asserted no legally recognizable claim against any party. Further, Fay as mortgage servicer is not alleged to and had no contract with Plaintiffs. At most Fay is a nominal party whose citizenship does not count for diversity purposes.[21]

14. Accordingly, the only named defendants who were citizens of Texas or potentially citizens of Texas at any time material to removal were Fay and Substitute Trustee, who have been improperly joined or are nominal parties, and complete diversity exists between Plaintiffs and Wilmington, the actual mortgagee for the subject loan.

---

[19] *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir. 2004).
[20] *See Kallie v. Citi Residential Lending, Inc.*, No. CV H-18-4238, 2019 WL 398145 (S.D. Tex. Jan. 31, 2019) (holding that where Plaintiff includes no specific factual allegations against a non-diverse defendant that defendant is improperly joined for diversity purposes)..
[21] *Powell v. Nationstar Mortgage LLC*, No. 4:16-cv-251, 2017 WL 191261, at *2 (E.D. Tex. Jan. 18, 2017) (holding that a mortgage servicer is a nominal party and that the true party is the mortgagee); S*chmelzer v. Nationstar Mortg., LLC*, No. 4:16-CV-389, 2016 WL 4368735,    *1 (E.D. Tex. August 16, 2016); *Byrd v. Lakeview Loan Servicing, LLC*, 1:17-CV-620-LY-ML, 2018 WL 1858235, at *3 (W.D. Tex. Jan, 11, 2018) holding that non-parties to the subject contract in a breach of contract suit were improperly joined by the plaintiff for diversity jurisdiction purposes because there were no possible legally viable claims asserted against them).

### B. Amount in Controversy.

15. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[22] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[23]

16. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[24] If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[25] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[26]

17. In this instance, Plaintiffs' Complaint makes it apparent that Plaintiffs' claimed damages exceed $75,000.00 given that Plaintiffs seeks to stop Wilmington from foreclosing on property located at 527 Saratoga Drive, San Antonio, Texas 78213 (the "**Property**").[27] The value of the Property exceeds $75,000.00. See Exhibit D.

18. The value of the Property according to the Bexar County Appraisal District is no less than $192,320.00 for the tax year of 2021.[28]

---

[22] *See* 28 U.S.C.A. § 1441(a).
[23] *See* 28 U.S.C.A. § 1332(a).
[24] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[25] *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[26] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[27] See Complaint at ¶8.
[28] See Exhibit D.

19. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[29] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[30] Plaintiffs seek relief which if successful would preclude enforcement of the contractual loan obligations and the right to foreclose on the Property.[31]

20. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[32] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[33] Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[34] The value of the subject property in this instance for diversity purposes is no less than $192,320.00 per the records of the Bexar County Appraisal District for 2021.[35] The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

## V.   CONSENT TO REMOVAL

21. Consent to the removal is not required from nominal parties or improperly joined

---

[29] *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003)).
[30] *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (U.S. 1977).
[31] See Complaint at ¶9.
[32] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961).
[33] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[34] *See Berry v. Chase Home Fin., LLC*, No. CIV.A. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).
[35] See Exhibit D.

parties such as Fay or Substitute Trustee; therefore, their consent to removal is not required.[36] Additionally, no known service has been accomplished as to Fay or Substitute Trustee, therefore the consent of the non-removing defendants is not required for this additional reason.[37]

22. Because Plaintiffs are citizens of Texas and all defendants are citizens of states other than Texas, were improperly joined, or are nominal parties, there is complete diversity of citizenship among the parties.[38]

## VI. JURY DEMAND

23. Plaintiffs have made no known jury demand in the State Court Action.

## VII. CONCLUSION

24. For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court, Western District of Texas, San Antonio Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    Texas Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    Texas Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    Telephone 713-220-9182
    Facsimile 713-223-9319
    E-mail: mhord@hirschwest.com
    Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

---

[36] Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866, 871 (5th Cir.), cert. denied, 112 S.Ct. 193 (1991) (unanimity requirement for removal does not apply to nominal parties or parties that have been improperly joined).
[37] See Milstead Supply Co. v. Cas. Ins. Co., 797 F. Supp. 569, 573 (W.D. Tex. 1992; 28 U.S.C. § 1446(b)(2)(A).
[38] See 28 U.S.C.A. § 332(c)(1) (West).

20170194.20210400/4099024.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of June, 2020, a true and correct copy of Defendants' Notice of Removal was forwarded as follows:

Ross A. Rodriguez
Law Office of Ross A. Rodriguez
325 S. Flores
San Antonio, TX 78204
**Via ECF and Email**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

20170194.20210400/4099024.1