UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LETICIA H. VASQUEZ, ALAN J.
VASQUEZ,

    *Plaintiffs*,

v.                              **Case No.  SA-21-CV-00543-JKP**

FAY SERVICING, LLC, MORTGAGE
SERVICER FOR WILMINGTON
TRUST NATIONAL ASSOCIATION
TRUSTEE FOR MFRA TRUST 2014-2
AND W.A. MARTY LACOUTURE AS
SUBSTITUTE TRUSTEE;

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

       Before the Court is Defendants' Motion for Summary Judgment on Plaintiffs Leticia and Alan Vasquez's breach of contract cause of action and Defendants' counterclaim for a declaration of its right to foreclose on the property that is the subject of this lawsuit. *ECF Nos. 15, 17*. Plaintiffs responded. *ECF No. 16*. Upon consideration, the Court concludes the Motion for Summary Judgment on the Vasquez's cause of action and Defendants' counterclaim shall be GRANTED.

### Undisputed Factual Background

       The case arises out of a promissory note and deed of trust executed by the parties for the Vasquezes' purchase of residential property that is the subject of this action. The Vasquezes are currently the owners of the property, and Defendants Wilmington Trust National Association Trustee for MFRA Trust 2014-2 and W.A. Marty LaCouture as Substitute Trustee are the current

holders of the promissory note. Defendant Fay Servicing LLC is the mortgage servicer.

On April 6, 2007, the Vasquezes executed a Texas Home Equity Note ("Note") payable to the original lender Argent Mortgage Company, as well as a Deed of Trust and Affidavit and Agreement to secure the Note and establish a first lien on the property. *ECF Nos. 15-2, 15-3, 15-4*. The Deed of Trust was filed in the real property records of Bexar County, Texas. *ECF No. 15-3*. On August 23, 2016, the Vasquezes executed a Loan Modification Agreement while their obligations under the Note were in default. On October 11, 2017, the Vasquezes executed a second Loan Modification Agreement while their obligations under the Note were in default. *ECF Nos. 15-5, 15-6*.

After the Vasquezes stopped all payments on the Note in July 2019, Fay Servicing began foreclosure proceedings in 2021. *ECF No. 15-1*. On May 25, 2021, the Vasquezes filed suit in Texas state court seeking a Temporary Restraining Order and Temporary and Permanent Injunction to prevent a foreclosure sale on the property. *ECF No. 1-4*. The Vasquezes also asserted a single cause of action for breach of contract. *Id*. The Texas court granted injunctive relief. *ECF No. 1-5*. On June 7, 2021, Defendants removed the action to this Court. *ECF No. 1*.

Defendants seek summary judgment on the Vasquezes' breach of contract cause of action, arguing they breached the terms of the Note by failing to make the required mortgage payments. Because the Vasquezes defaulted on the Note, Defendants contend they cannot prevail on a breach of contract cause of action as a matter of law. Defendants also seek summary judgment on their own counterclaim for declaratory relief declaring their right to foreclose on the property.

**Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. 317, 323 (1986); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's causes of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, Civil Action No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

4

### 1.  Breach of Contract Cause of Action

Defendants argue that because the Vasquezes were in default on their loan payment obligations under the Note, they cannot establish a breach of contract claim as a matter of law, and therefore, summary judgment is appropriate.

The Vasquezes respond, arguing they did not receive notice of default and acceleration of the Note and only discovered their home was set for foreclosure when a potential investor approached them and informed them of the impending foreclosure. The Vasquezes contend the breach of contract cause of action is based upon Defendants' failure to comply with the notice obligations under the terms of the Note, and because they did not receive the required notice of default, summary judgment on their breach of the contract cause of action is not appropriate. The Vasquezes also attest that in July 2020, they entered a Loan Modification Agreement with "the bank" and completed all documentation. The Vasquezes contend this agreement in July 2020 shows they were not in default on the Note as modified.

### Applicable Law

The essential elements of a breach of contract cause of action under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007); *Valero Mktg. & Supply Co. v. Kalama Int;'l, LLC*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Generally, under Texas law, "reciprocal promises in a contract . . . are presumed to be mutually dependent and the breach of one will excuse the performance of the other." *Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d 322, 328 (5th Cir. 2017) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)). Consequently, as a general rule, when a plaintiff failed to

perform a duty under the contract, such as the duty to pay his mortgage, he cannot maintain a breach of contract action. *Maples v. Barrett Daffin Frappier Turner & Engel, LLP In Rem Only*, 4:18-CV-875-ALM-CAN, 2019 WL 6333989, at *10 (E.D. Tex. Oct. 31, 2019), report and recommendation adopted sub nom. *Maples v. Barrett Daffin Frappier Turner & Engel, LLP*, 4:18-CV-875, 2019 WL 6311022 (E.D. Tex. Nov. 25, 2019).

However, if reciprocal promises in a contract are independent, the breach of one does not necessarily relieve another party of their performance obligations. *Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018); *Shastry v. U.S. Bank Nat'l Ass'n*, 3:16-CV-3335-G-BN, 2018 WL 4627132, at *8 (N.D. Tex. July 27, 2018), report and recommendation adopted, 3:16-CV-3335-G-BN, 2018 WL 4090426 (N.D. Tex. Aug. 27, 2018); *46933, Inc. v. Z & B Enters., Inc.*, 899 S.W.2d 800, 807 (Tex. App. - Amarillo 1995, writ denied). Thus, a party in default on a contract might still be able to establish a breach of contract claim if the reciprocal promises in the contract are independent. *Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d at 245.

The Fifth Circuit provides direction for determination whether the parties' obligations are independent in the context of mortgage promissory notes, holding a borrower's obligation to make monthly payments under a promissory note is independent of a lender's obligations in the event of a default. *See Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d at 245. In establishing this rule in this specific context, the *Williams* Court reasoned that if a mortgage holder's obligation to provide notice in the event of default can always be excused by pointing to the debtor's default, the notice terms have no meaning and the debtor would have no right of recourse. *Id*. As determined by the *Williams* Court, when a borrower asserts a breach of contract claim against a loan holder for failure to provide notice of default or notice of loan acceleration as required in the subject contract, the fact that the borrower is in default does not, alone, preclude the borrower's

breach of contract claim. *Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d at 245; *Thomas v. Wells Fargo Bank, N.A.*, No. 4:17-CV-2070, 2018 WL 1898455, at *3 (S.D. Tex. Apr. 20, 2018). Following this guidance, in cases such as this one, a mortgage holder cannot rely on the debtor's default, alone, to dispel a breach of contract cause of action, but must also establish satisfaction of its own independent contractual obligations to provide notice of default and acceleration. *Id.* When presented in the summary-judgment context, to satisfy its summary-judgment burden, the mortgage holder must provide evidence showing the debtor is in default, and it provided proper notice of default. If it satisfies this burden, to defeat summary judgment, the debtor must present evidence which raises a genuine dispute of material fact whether it is in default or whether the mortgage holder satisfied its obligation to provide notice of default or acceleration.

**Application**

**<u>Defendants' Summary Judgment Burden</u>**

Based upon the directive in *Williams*, Defendants cannot rely upon the Vasquezes' default, alone, to obtain summary judgment on the breach of contract cause of action. Therefore, to the extent Defendants rely solely upon this argument, it must fail.

To satisfy their summary judgment burden, Defendants also present evidence consisting of the subject Note, Deed of Trust, and Texas Home Equity Affidavit and Agreement establishing the parties' obligations. *ECF Nos. 15-2, 15-3, 15-4.* The terms of the Note require that in the event of the Vasquezes' default, Defendants must provide written notice of the Vasquezes' default "by delivering it or by mailing it by certified mail to the Property Address", unless applicable law requires a different method. *ECF No. 15-2. p. 2.* The terms of the Note also provide no oral agreements may modify the terms as stated therein, and the terms "may not be contradicted

7

by evidence of prior, contemporaneous or subsequent oral agreements of the parties." *ECF No. 15-2. p. 3.*

Defendants present evidence of the Vasquezes' default on the Note through the affidavit of Janet Gieollo, a Trial & Mediation Specialist and Agent for Fay Servicing, a Reinstatement Quote, and Payoff Statement. *ECF Nos. 15-1, 15-10, 15-11.* The Vasquezes do not contest such default. The evidence provided shows the Vasquezes did not make a payment on the Note after July 2019. *Id.* Finally, Defendants provide evidence showing Fay Servicing mailed to the Vasquezes, by certified mail, notices of default dated October 23, 2019 and August 26, 2021. *ECF No. 15-1, 15-9.* The Notices informed the Vasquezes of default on the Note, provided information regarding the amount in default and how to cure the payment deficiencies, as well as contact information for questions. *Id.* This evidence consists of the affidavit from Janet Gieollo, attesting the provided notices of default were mailed to the Vasquezes by Certified Mail on the dates shown. *ECF No. 15-1.*

This evidence establishes the Vasquezes were in breach of the contract by failing to pay on the Note pursuant to the agreed terms of the Note and the Loan Modification Agreements, and Defendants provided notice of default to the Vasquezes pursuant to the terms of the Note. Upon this showing, Defendants satisfied their summary judgment burden of proof to prevail on the breach of contract cause of action, and the summary-judgment burden shifts to the Vasquezes to raise a genuine dispute of material fact whether they were in default or whether Defendants satisfied the notice obligations required under the terms of the Note.

**The Vasquezes' Summary Judgment Burden**

The Vasquezes respond by arguing they did not receive any notice of default, and they entered a Loan Modification Agreement in July 2020. In support of their arguments, each of the

Vasquezes provide personal affidavits attesting to these assertions. *ECF No. 16.* The Vasquezes do not provide other evidence of the alleged July 2020 Loan Modification Agreement.

When a promissory note secured by a residence enters default, a mortgage servicer shall serve the debtor with written notice by certified mail stating that the debtor is in default and giving at least 20 days to cure the default before notice of sale can be given. TEX. PROP. CODE. Ann. § 51.002(d). Service of notice of default "by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.". TEX. PROP. CODE. Ann. § 51.002(e). Accordingly, to establish satisfactory service, the mortgage servicer need not prove the debtor's actual receipt of the notice, but only must show the notice was mailed in compliance with the terms in a promissory note and deed of trust and pursuant to Texas Property Code § 51.002(e). *Martins v. BAC Home Loan Serv. L.P.*, 722 F.3d 249, 256 (5th Cir. 2013); *Salas v. Wells Fargo Bank, N.A.*, 1:19-CV-167, 2020 WL 1905445, at *5 (S.D. Tex. Feb. 26, 2020), report and recommendation adopted, 1:19-CV-00167, 2020 WL 1904479 (S.D. Tex. Apr. 16, 2020).

As discussed, the evidence presented shows Fay Servicing complied with the terms of the contract and Texas Property Code § 51.002(d) by mailing a notice of default to the Vasquezes by Certified Mail. Even assuming as true the Vasquezes' attestation that they did not receive this Notice of Default, this evidentiary fact is insufficient to raise a genuine dispute of material fact whether Defendants complied with their notice obligations under the terms of the Note and pursuant to Texas Property Code § 51.002(d). Consequently, the Vasquezes' argument and showing in this regard to refute a Motion for Summary Judgment must fail.

Next, the Vasquezes attempt to establish they were not in default by attesting they entered a Loan Modification Agreement in July 2020. This argument also fails because even if true, "[t]he statute of frauds bars and makes unenforceable oral modifications to a loan agreement . . . unless they fall within an exception to the statute of frauds or do not materially alter the obligations imposed by the original contract." *James v. Wells Fargo Bank, N.A.*, 533 Fed. Appx. 444, 447 (5th Cir. 2013); *Kiper v. BAC Home Loans Servicing, LP,* 884 F.Supp.2d 561, 571 (S.D.Tex. 2012). The Vasquezes do not provide evidence of a written Loan Modification Agreement. Consequently, they fail to present evidence which would raise a genuine dispute of material fact whether they were in default under the terms of the Note and any modification agreement.

For the reasons stated, the Vasquezes present no summary judgment evidence to raise a genuine dispute of material fact whether Defendants satisfied their obligation to provide notice of default under the terms of the Note or whether the Vasquezes were in default on the Note by satisfying the terms of a Loan Modification Agreement. For this reason, the Vasquezes fail to satisfy their summary judgment burden of proof. Based upon the undisputed summary judgment evidence presented, and the lack of evidence to raise a genuine dispute of material fact, the Court concludes Defendants are entitled to summary judgment on the Vasquezes' breach of contract cause of action.

### 2.   DEFENDANTS' COUNTERCLAIM SEEKING DECLARATORY RELIEF

Defendants seek summary judgment on their claim for declaratory relief regarding their right to foreclose on the property.

Because Defendants bear the burden of proof on their counterclaim for declaratory relief, they "must establish beyond peradventure all of the essential elements of the claim" to obtain

judgment in their favor. *Fontenot v. Upjohn Co.*, 780 F,2d 1190, 1194 (5th Cir. 1986). This standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins., Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The Court will draw all reasonable inferences in favor of the non-movants. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

To foreclose under a security instrument with a power of sale, the lender must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013) *aff'd*, 583 Fed. Appx. 306 (5th Cir. 2014).

As discussed previously, Defendants present undisputed summary judgment evidence to satisfy each element of its counterclaim for declaratory relief. First, Defendants present undisputed evidence of the Note executed by the Vasquezes, and the parties do not dispute a debt exists. *ECF Nos. 15-2, 15-3.* Next, Defendants present the Deed of Trust and Texas Home Equity Affidavit and Agreement which establishes the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution. *ECF Nos. 15-3, 15*-4. Defendants present the affidavit of Janet Gieollo, the Reinstatement Quote, and the Payoff Statement which establish the Vasquezes defaulted on the note. *ECF Nos. 15-1, 15-10, 15-11.* Finally, Defendants present the Notice of Default letters sent by Fay Servicing to the Vasquezes at the Property Address and the affidavit of Janet Gieollo to show Defendants satisfied their obligation to provide notice of default pursuant to the terms of the Note and Deed of Trust, as well as the Texas Property Code § 51.002. *ECF Nos. 15-1, 15-9.*

The Vasquezes present no competent summary judgment evidence to demonstrate the existence of a genuine dispute of material fact regarding any of the elements of Defendants' counterclaim. Accordingly, Defendants are entitled summary judgement on their request for declaratory relief of their right to foreclose on the subject property.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment on the Vasquezes' cause of action for breach of contract. In addition, the Court GRANTS Defendants' Motion for Summary Judgment for declaratory relief regarding its right to foreclose on the property. A separate Final Judgment with specific declaratory relief will follow.

It is so ORDERED.
SIGNED this 28th day of January, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE